UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Industrial Communications
and Wireless, Inc., et al.

   v.                                  Civil No. 07-82-JL
                                         Opinion No. 2008 DNH 136

Town of Alton,
New Hampshire, et al.


**MEMORANDUM AND ORDER**

After counsel for the plaintiffs inadvertently disclosed privileged information, the defendants, who have submitted this information in support of their motion for summary judgment, see Fed. R. Civ. P. 56(c), asked this court to determine what effect, if any, counsel's production had on his client's privilege. For the reasons that follow,[1] the court finds that the plaintiffs' privilege has been waived.

---

[1] Neither party accepted the court's offer to hold oral argument, so the motion will be decided on the pleadings. See LR 7.1(d).

**I.    BACKGROUND**

As part of the discovery in this case, plaintiffs' counsel made over four bankers' boxes of documents available to the defendants for review. Included within these boxes--containing thousands of pages of documents--was a three-page letter that the plaintiffs' former counsel had written to the plaintiffs advising them on one of their claims ("the Duval letter"). On March 7, 2008, the defendants' counsel was allowed to review the contents of these boxes. As she came across documents that she wanted copied, defendants' counsel identified them with blue post-it notes marked "Copy." On the Duval letter, however, she added "Copy unless privilege claimed." All told, defendants' counsel set aside a one-inch thick stack of documents, requesting copies thereof.

Less than two weeks later, plaintiffs' counsel produced copies of the documents that defendants' counsel had identified, including the Duval letter. In a cover letter accompanying these disclosures, plaintiffs' counsel wrote:

> Enclosed please find copies of the documents from our file that you requested relative to the above matter.
>
> As we discussed, a couple of the documents are work-product but, because Attorney Duval and/or his colleagues will be submitting affidavits which rely on those documents, the

>Applicants are making a limited waiver of that privilege.

On May 19, 2008, the defendants filed a motion for summary judgment, attaching the Duval letter as a supporting exhibit.

On June 16, 2008, approximately four weeks after receiving the plaintiffs' summary judgment papers, and over fourteen weeks after he first disclosed the Duval letter to opposing counsel, counsel for the plaintiffs sent defense counsel an e-mail informing her, for the first time, that he considered the Duval letter "to be an inadvertently produced attorney-client communication within the meaning of FRCP 26(b)(5)(B)." This e-mail generated the discovery dispute culminating in the motion at bar.

## II.  ANALYSIS

"The inadvertent production of a privileged document is a specter that haunts every document intensive case." FDIC v. Marine Midland Realty Credit Corp., 138 F.R.D. 479, 479-80 (E.D. Va. 1991). Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure addresses the situation where one party inadvertently discloses privileged material to the opposing party. But while Rule 26 establishes a procedure for the disclosing party to

assert its privilege,[2] it does not address what effect the disclosure has on the asserted privilege.

"Doctrinally, the question is under what circumstances, if any, an inadvertent disclosure of privileged communications constitutes a waiver of the privilege. Courts across the country approach this question in any of three different ways." Amgen Inc. v. Hoechst Marion Roussel, Inc., 190 F.R.D. 287, 290 (D. Mass. 2000). Stated simply, the three approaches are:

> "a. The 'never waived' approach, which is that a disclosure that is merely negligent can never effect a waiver;
>
> b. The 'strict accountability' rule, which is that disclosure automatically effects a waiver regardless of the intent or inadvertence of the privilege holder; and
>
> c. The 'middle test' in which waiver is decided by consideration of (1) the reasonableness of the precautions taken to prevent inadvertent disclosure, (2) the amount of time it took the producing party to recognize its error, (3) the scope of the production, (4) the extent of the inadvertent

---

[2] After the disclosing party asserts its privilege, the receiving party "must promptly return, sequester, or destroy the information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim." Fed. R. Civ. P. 26 (b)(5)(B). Defendants' counsel did nothing to violate this rule, as she was not apprised of adverse counsel's claim of privilege until after her use of the Duval letter as a summary judgment exhibit.

>     disclosure, and (5) the overriding interest
>     of fairness and justice."

Turner v. Brave River Solutions, Inc., No. 02-148-JD, 2003 U.S. Dist. LEXIS 10298, at *3 (D.N.H. June 18, 2003) (Diclerico, J., adopting the "middle test" as the appropriate approach).

Arguably, the First Circuit adopted the strict accountability approach in Texaco P.R. v. Dept. of Consumer Affairs, 60 F.3d 867, 883 (1st Cir. 1995).[3] But while a number of district courts in this circuit have utilized this approach, see Ares-Serono, Inc. v. Organon Int'l B.V., 160 F.R.D. 1, 4 (D. Mass. 1994); Int'l Digital Systems Corp. v. Digital Equip. Corp., 120 F.R.D. 445, 449-50 (D. Mass. 1988), the more recent trend has been to utilize the middle test. See Turner v. Brave River Solutions, Inc., 2003 WL 21418540, *1-2 (D.N.H. June 18, 2003) ("the 'middle test' is the preferable test"); Amgen, 190 F.R.D. at 291 ("this Court aligns itself with those [courts] which employ the 'middle test'"); Milford Power Ltd. v. New Eng. Power Co., 896 F.Supp. 53, 58 (D. Mass. 1995).

---

[3] Judge Selya's opinion in Texaco, which undertakes no consideration of competing factors, all but expressly adopted the strict accountability approach: "It is apodictic that inadvertent disclosures may work a waiver of the attorney-client privilege. (citations omitted). Thus, it beggars credulity to argue that the district court erred in entering a turnover order anent the four documents to which Texaco's representatives previously had been exposed." Texaco, 60 F.3d at 883.

Nevertheless, whether this disclosure is analyzed under strict accountability (where disclosure waives all privilege) or the middle test, the outcome is the same; under these facts, the plaintiffs waived any privilege to the Duval letter.

### A. Reasonableness of precautions

The defendants argue that plaintiffs' counsel failed to take reasonable precautions to prevent the inadvertent disclosure. Specifically, the defendants argue that plaintiffs' counsel could have, and should have, reviewed and purged the documents of any privileged materials: (1) prior to defense counsel's review of the bankers' boxes, (2) after defense counsel tagged the documents in the boxes that she wanted copied, including the privileged Duval letter, (3) when he sent the copied documents to defendants' counsel as a discovery production, or (4) any other time before copies of these documents were produced in discovery. Plaintiffs' counsel has not disputed his failure to do so in any of these instances. His argument is that, in what he believes was a reasonable precaution, he instructed an associate to review the bankers' boxes[4] and take out all privileged materials. The

---

[4] The court sympathizes with the associate in question, and recalls his own gaffe as a first-year associate in faxing privileged materials directly to the offices of adverse counsel. A career change to the more forgiving world of criminal prosecution followed soon thereafter.

precaution of assigning an associate to review and pull privileged material from the four boxes may very well have been reasonable, but without double checking by the more senior attorney directly responsible for the case, under the facts and circumstances present here, it was insufficient.

The plaintiffs further argue that, although defense counsel tagged the Duval letter with "copy unless privilege claimed," she never alerted plaintiffs' counsel to the note on the sticker, or "otherwise mentioned that a privileged document was among the thousands of pages she had been given to review." These considerations favor a finding of waiver. The plaintiffs' lawyer missed several opportunities to "catch" the inadvertently disclosed letter, and, in the context of the discovery practice utilized in this case, defense counsel's note on the document flag fully complied with the spirit of Rule 26

### B. Delay in discovering disclosure

This factor also militates a finding of waiver. Defendants' counsel reviewed the material in the bankers' boxes on March 7, 2008, but plaintiffs' counsel didn't discover that he had inadvertently disclosed the Duval letter until June 16, 2008, approximately fourteen weeks later. Although the letter was filed in court by their opponents as an exhibit to a summary

judgment motion on May 19, 2008, the plaintiffs did not assert their privilege for another four weeks.

### C. Scope of production

As mentioned earlier, the plaintiffs made four bankers' boxes of documents available for review by defendants' counsel. The actual document production, however, was limited to a one-inch high stack of documents that was culled from these boxes. As a review of such a limited production would not have been a time consuming or burdensome undertaking, this factor also cuts in favor of a finding of waiver.

### D. Extent of inadvertent disclosure

The disclosure appears to be limited to the Duval letter. Neither party has suggested otherwise. So any waiver is similarly limited.

### E. Fairness and justice

On balance, considerations of fairness and justice weigh in favor of a finding of waiver. Most notably, plaintiffs' counsel employed few precautions, if any (other than counsel of record's instructions to an associate attorney), to guard against the disclosure of privileged materials. See In re Sealed Case, 877

F.2d 976, 980 (D.C. Cir. 1989) ("the confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived"). Defendants' counsel's conduct in this situation--noting the privilege on a document she flagged for requested production, and then using the document when adverse counsel nonetheless provided it along with a "limited waiver"--was both fair and just under the circumstances.

    Weighed along with the other relevant factors, considerations of fairness and justice favor a finding of waiver. Indeed, the facts of this case militate a waiver finding more than the facts the First Circuit considered and relied on in Texaco. 60 F.3d at 883. There, the party responding to a request for discovery told the party seeking it, "here is a room full of papers, you can take a look at them." Id. at 883 n.7. When the discovering party asked for copies of certain documents it had seen, however, the responding party refused to provide them on the basis of privilege. Id. The district court ruled that the responding party had waived any such privilege, and the Court of Appeals agreed. Id. at 883.

**IV. CONCLUSION**

Based on the foregoing considerations, the court determines that the plaintiffs' privilege with respect to the Duval letter has been waived, and the defendants are therefore not required to withdraw it from their motion for summary judgment.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge


Dated:  August 7, 2008

cc:  Steven E. Grill, Esq.
     Anthony S. Augeri, Esq.
     Katherine B. Miller, Esq.
     Robert M. Derosier, Esq.
     Paul T. Fitzgerald, Esq.