# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **INDUSTRIAL COMMUNICATIONS AND ELECTRONICS, INC., ET AL,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case No. 1:07-CV-00082-JL** |
| **v.** ) | |
| ) | |
| **TOWN OF ALTON, NEW HAMPSHIRE** ) **Defendant,** ) | |
| ) | |
| **DAVID SLADE and MARILYN SLADE,** ) **Intervenor-Defendants** ) | |

## INTERVENORS' MOTION FOR STAY OF ORDER

NOW COME the Intervenor-Defendants, David Slade and Marilyn Slade, by and through their attorneys, Wescott, Dyer, Fitzgerald & Nichols, PA, to respectfully request this Honorable Court to grant the Intervenors' Motion for Stay of Order in the above-entitled matter and in support thereof state as follows:

1. The Town of Alton ("Town") and Industrial Communications and Electronics, Inc. ("I.C.E.") filed an Agreement for Entry of Consent Decree on March 3, 2010 to settle the dispute that involved a claim that the Town of Alton's Zoning Board of Adjustment violated the Federal Telecommunications Act of 1996.

2. Intervenors, David and Marilyn Slade, were not agreeable to the settlement between the Town and I.C.E. and were asked by this Court to justify their standing in the case.  See Order of March 9, 2010.

1

3.      This Court found that the Slades did not have standing to persist in litigating the

action since the principal parties have negotiated a settlement agreement.  See

Order of May 7, 2010.

4.      This Court further entered judgment in accordance with the proposed Judgment

and Order submitted by the Town, with the exception that "the following

language shall be added to the end of subparagraph 6(d): 'Nothing in this order

shall prevent this court from staying or otherwise granting relief from it according

to applicable law.'"  See Order of May 7, 2010.

5.      The Slades respectfully disagree with the Court's analysis on the issue of the

intervenor's standing to continue litigation despite settlement of the Town and

I.C.E..  See Order of May 7, 2010.

6.      The Slades intend to timely pursue State Court remedies among other possible

remedies to enforce their rights and seek justice.

7.      It would lead to unnecessary economic waste and costly land reclamation

processes if I.C.E. were to build the intended phone tower to, only then, be

ordered to remove it.

8.      Further, the settlement agreement authorizes the construction of an access road to

the tower absent required authorization per standard local processes.  See

Agreement for Entry of Consent Decree, March 3, 2010.

9.      Unless stayed, it is likely that I.C.E. will immediately begin work on

implementation of the proposed cellular phone tower, and the Slades will suffer

extraordinary harm.

10.    In entering judgment, the Court differentiated between Alton case and the Epping case, indicating in the former that a Stay of the judgment is not to be precluded by the Order.  Additionally, the Court further distinguished the Alton matter from the Epping matter (with which it was consolidated for purposes of the May 7, 2010 Decision) by noting that the Slades had clearly articulated a state claim to which they were entitled to pursue at this point.   <u>See</u> Order of May 7, 2010.

WHEREFORE David and Marilyn Slade respectfully request and pray that this Honorable Court:

A.    Grant this Motion for Stay of Order;

B.    Grant such other relief as justice and equity require.

Respectfully submitted,

David Slade and Marilyn Slade,

WESCOTT, DYER, FITZGERALD & NICHOLS, PA

Dated:    May 20,  2010     s/Paul T. Fitzgerald_____
Paul T. Fitzgerald, NH Bar ID 807

3

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing will be sent to counsel of record this day via the Court's Electronic Case Filing System.

 s/Paul T. Fitzgerald

Paul T. Fitzgerald, NH Bar ID #807
Wescott, Dyer, Fitzgerald & Nichols, P.A.
28 Bowman Street, PO Box 1700
Laconia, New Hampshire 03247-1700
(603) 524-2166 – telephone
(603) 528-2122 – facsimile