UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| INDUSTRIAL COMMUNICATIONS AND ELECTRONICS, INC., ET AL, </br></br>Plaintiffs, </br></br>v. </br></br>TOWN OF ALTON, NEW HAMPSHIRE </br>Defendant, </br></br>DAVID SLADE and MARILYN SLADE, </br>Intervenor-Defendants | Case No. 1:07-CV-00082-JL |

**MEMORANDUM OF LAW
IN SUPPORT OF
INTERVENORS' MOTION FOR STAY OF ORDER**

NOW COME the Intervenors/Defendants, David and Marilyn Slade, and submit the following memorandum of law in support of Intervenors' Motion for Stay of Order:

**INTRODUCTION**

The issue before the Court at the present time is the granting of a discretionary stay which would have the effect of preventing the Plaintiff, Industrial Communications and Electronics, Inc., from the immediate construction of the proposed cell tower overlooking Lake Winnipesaukee in the Alton Bay area of the Town of Alton, New Hampshire.

In *Centronics Data Computer Corp v. Merkle-Korff Industries*, 503 F.Supp. 168, 170 (D.N.H. 1980), Judge Loughlin adopted the seven-factor test for determining an application for a stay that was utilized in *Universal Gypsum of Georgia, Inc. v. American Cyanamid Co.*, 390

F.Supp. 824, 827 (S.D.N.Y. 1975). As detailed below, the following factors are considered when balancing the hardships of granting a stay: 1) the capability of the state court; 2) the nature of relief available and speed of determination; 3) any emergency needs of either party; and 4) any hardship that granting or denying the stay would have on the public.

In *Gypsum*, the court held that Gypsum would not be prejudiced by the entry of a stay because it would be "afforded a full and fair opportunity to litigate all issues before a highly competent tribunal whose expertise in New York law must be regarded as equal to, if not greater than that of this court." *Id* at 828. In exercising its discretion to grant a stay, the court stated, "we believe that public policy considerations and certain well defined principles may justify the exercise of a federal court's discretion to stay proceedings." *Id* at 829.

In *Companion Life Insurance Co, v. Matthews*, 547 F.Supp. 836, 841 (S.D.N.Y. 1982), the court weighed the factors laid out in *Gypsum*, and granted the stay, stating:

> "The same parties have appeared in both of these actions, and no one contends that the relief available in the New Jersey Action or the speed with which it can be dispensed is any less adequate than could be achieved in this Court. Further, the possibility that Companion will be subject to nonresident prejudice in New Jersey is far too speculative and insubstantial to affect this balance of factors: One cannot seriously argue that Companion faces more negative sentiment in New Jersey because it is a New York corporation than it would if it were a New Jersey corporation. Rather, the prejudice against Companion, if any, stems from its status as a large insurance company refusing to pay a grieving and needy widow. This form of prejudice could as easily infect a jury in Manhattan as it could a jury

in Morristown, New Jersey, less than forty miles westward. Indeed, the ethnic and economic differences between jurors in Manhattan and those in its affluent exurbs suggests that Companion will confront less prejudice in Morristown than it would here."

In *Alameda Room, Inc. v. Pitta*, 538 F.Supp. 1072, 1078 (S.D.N.Y. 1982), the court found that an issuance of a stay would not prejudice any of the parties, stating that "[w]hile the state court's adjudication of Alameda's first petition may have res judicata or collateral estoppel effect with respect to this Court's adjudication of one or more of the issues raised by Alameda's second petition, there is no reason to view the state court as any less capable than this Court to arrive at a proper determination of the rights of the parties with respect to such issues."

The United States Supreme Court addressed the requirements in staying a judgment from district court pending determination of certiorari, and in part considers the importance of balancing the equities "to explore the relative harms to applicant and respondent, as well as the interests of the public at large." *Barnes v. E-Systems, Inc. Medical & Surgical Insurance Plan*, 501 U.S. 1301, 1305 (1991)(quoting *Rostker v. Goldberg*, 448 U.S. 1306, 1308 (1980)). "The likelihood that denying the stay will permit irreparable harm to the applicant may not clearly exceed the likelihood that granting it will cause irreparable harm to others. *Barnes*, 501 U.S. at 1305. In *Barnes*, the Court granted the motion to stay since it was not aware of any irreparable harm that granting the stay would produce.

In the instant matter, applying the tests articulated above, the Court has more than enough information to meet the tests articulated. First, the State Court to which this matter will in all likelihood be presented (the Belknap County Superior Court) has appropriate jurisdiction to hear claims arising from the recent agreement submitted by the Plaintiff and the Town.

Second, the same Court has the ability to provide the relief necessary to resolve the issues arising from the grant of the variance by the Town and is specifically authorized to do so under New Hampshire law.  In reference to the availability of a speedy remedy to this matter, the New Hampshire statutes dealing with such appeals require, as a matter of law, that the Superior Court give such appeals priority on the Court calendar (See RSA 677:4).   In analyzing the third portion of the tests previously articulated by the Court, there is no emergency need on the part of ICE to construct this tower and there is certainly a direct impact on the Slades and their property rising to an emergency level if relief is not granted by the Court at this stage.  Finally, as discussed above, hardship suffered by the Slades greatly outweighs any imposed upon ICE.  The Defendant Town, of course, suffers no hardship whatsoever by the granting of a stay.

## CONCLUSION

Based upon the facts of this case, the right for further relief noted by the Court in its prior decision and relevant case law and statutes as cited above, the Intervenors are entitled to a stay of the May 7, 2010 order while they pursue additional legal remedies.

>Respectfully submitted,
>
>David Slade and Marilyn Slade,
>
>WESCOTT, DYER, FITZGERALD & NICHOLS, PA

Dated: May 20, 2010            s/Paul T. Fitzgerald
                               Paul T. Fitzgerald, NH Bar ID #807

**CERTIFICATION OF SERVICE**

  I hereby certify that a copy of the foregoing will be sent to counsel of record this day via the Court's Electronic Case Filing System.

             s/Paul T. Fitzgerald
            Paul T. Fitzgerald, NH Bar ID #807
            Wescott, Dyer, Fitzgerald & Nichols, P.A.
            28 Bowman Street, PO Box 1700
            Laconia, New Hampshire 03247-1700
            (603) 524-2166 – telephone
            (603) 528-2122 – facsimile