```
              UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

Industrial Communications
and Electronics, Inc. *et al.*

    v.                                    Civil No. 07-cv-082-JL

Town of Alton,
David Slade, and Marilyn Slade


**PROCEDURAL ORDER**

This is a challenge to the Town of Alton's decision denying the plaintiffs (collectively, "ICE") the variance necessary to construct a 120-foot cellphone tower. ICE claims that the decision violates the Telecommunications Act of 1996 ("TCA") in that it was unsupported by substantial evidence in a written record, see 47 U.S.C. §§ 332(c)(7)(B)(iii), and that it has the effect of prohibiting the provision of wireless services, see id. § 332(c)(7)(B)(i)(II). ICE commenced the action in March 2007. About four months later, David and Marilyn Slade, who own property abutting the site of the proposed tower, were granted leave to intervene. See Fed. R. Civ. P. 24. At that point, a scheduling order was in place which, in relevant part, imposed a discovery cutoff of January 15, 2008, and expert disclosure deadlines of October 1, 2007, and November 15, 2007, for the plaintiffs and the defendant, respectively.[1]

---

[1] Shortly after the Slades were granted leave to intervene, ICE filed an assented-to motion to extend certain other deadlines in the scheduling order.

As contemplated by the modified scheduling order, ICE and the Town filed cross-motions for summary judgment on ICE's effective prohibition claim on May 19, 2008, objections on June 16, 2008, and replies on June 30, 2008. The Slades, who had been represented by counsel since they moved to intervene, did not make any summary judgment filings of their own, whether in the form of a response to ICE's summary judgment motion, a joinder in the Town's motion for summary judgment, or otherwise. After hearing oral argument on the summary judgment motions on March 26, 2009, the court denied them without prejudice to reinstatement in response to encouraging statements from counsel for ICE and the Town about the prospect of settling the case.

Settlement negotiations continued throughout the spring and summer of 2009, with counsel for ICE and the Town periodically reporting their progress to the court. In response to one of those reports, the Slades--who had filed nothing of substance in the case since they intervened--filed a memorandum expressing their opposition to any settlement and asking the court to hold a hearing on ICE's effective prohibition claim. The Slades stated that the Town had already "presented appropriate arguments and supporting evidence that should lead the Court to uphold the local decision" to deny the variance for the tower.

Eventually, though, in March 2010, ICE and the Town filed an agreement for judgment, to which the Slades purported to object.

After receiving briefing from all parties on the Slades' right to prevent the entry of judgment, the court approved the agreement for judgment (with one minor modification).  Indus. Commc'ns & Elecs., Inc. v. Town of Alton, 2010 DNH 081.  On the Slades' appeal, however, the court of appeals recently vacated the judgment, ruling that "the Slades are entitled to resist the entry" of a judgment on ICE's claims "unless a violation of the [TCA] is proven."  Indus. Commc'ns & Elecs., Inc. v. Town of Alton, ___ F.3d ___, 2011 WL 1887334, at *3 (1st Cir. May 19, 2011).  The court of appeals observed that ICE "claims to be entitled to relief under the [TCA]; all it now needs to do is prove it."  Id. at *4.

To that end, ICE and the Town have filed a "joint motion for an expedited hearing" on ICE's motion for summary judgment on its effective prohibition claim.  In the motion, the Town expressly admits a number of facts material to that claim, including that the Town's failure to permit a 100-foot tower at the proposed site would amount to an effective prohibition under the TCA.  The court held an off-the-record telephone conference on the joint motion at which counsel for the Slades agreed that (1) the court would hear oral argument on ICE's summary judgment motion on August 24, 2011, and (2) he would file a "formal response" by June 24, 2011.  Before that date arrived, however, counsel for the Slades had moved to withdraw and new counsel had filed

appearances on their behalf, together with a motion asking for additional time to respond to the joint motion for hearing. That relief was granted in part, and the Slades have since filed an objection to the joint motion. The court held an on-the-record telephonic hearing on the joint motion on July 14, 2011.

In the Slades' objection, they argue principally that they "are entitled to the same discovery, briefing, and presentation of evidence as any defending party in this type of case, and should not be required to make their case on an expedited basis." This argument ignores the fact that the Slades did have an ample opportunity to engage in discovery and to submit briefing and evidence in connection with summary judgment, but, so far as the court can tell, elected not to avail themselves of that opportunity. Again, the Slades were allowed to intervene in this action on August 2, 2007, more than three months before the defendant's expert disclosure deadline and more than five months before discovery closed on January 15, 2008, and have been represented by counsel the whole time, yet appear not to have taken any discovery, designated any experts, or filed anything of substance on the merits of ICE's claims. And this appears to have been a conscious decision, in light of the Slades' statement, quoted above, that the Town had "presented appropriate

arguments and supporting evidence" in defending against ICE's effective prohibition claim.[2]

Thus, insofar as the Slades object to this court's conducting a hearing on ICE's motion for summary judgment so they may "obtain additional evidence and expert opinion on issues pertaining to the 'effective prohibition' claim," that objection is overruled. The Slades will not be permitted to engage in discovery or to designate experts more than three and a half years after discovery closed or to submit briefing or evidence in response to ICE's summary judgment motion more than three years after that motion was filed.

Indeed, when asked to identify the basis for that relief during the most recent telephonic hearing, counsel for the Slades candidly admitted that there was none, but that this court's discretion would allow for it. Assuming this is true, which is doubtful (permitting discovery or summary judgment filings after

---

[2] During the telephonic hearing, there was some discussion of the Town's willingness, expressed during the early stages of this case, to "stand shoulder-to-shoulder" with the Slades in defending it. Counsel for the Town explained, however, that this willingness never extended to one of the issues crucial to the effective prohibition claim, namely, the existence of a substantial gap in wireless coverage: the Town has always believed, contrary to the Slades, that such a gap did in fact exist. Moreover, the Slades have always recognized that (as ultimately occurred here) the Town's position on ICE's claims might change--indeed, that was the very premise of their motion to intervene. So the Slades would not have been justified in relying on the Town to "make their case" for them, and they have not argued to the contrary.

expiration of the deadlines set forth in the discovery plan would seem to demand the "good cause" required by Rule 16(b)(4), and that, in turn, demands a diligence which the Slades have not displayed, see, e.g., Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 1994)), this court can see no reason to exercise its discretion to that effect here. As just noted, the Slades have not identified any.

New counsel for the Slades did, however, identify personal circumstances during the telephonic conference that support a brief continuance of the summary judgment hearing, to **September 21, 2011 at 10:00 a.m.** Furthermore, the court agrees with two of the points in the Slades' objection to the motion for hearing: first, that this court cannot treat the Town's admissions in that filing as binding on the Slades and, second, that the court cannot treat ICE's effective prohibition claim as arising out of the Town's denial of a variance for a 100-foot tower, when the Town in fact denied a variance for a 120-foot tower.[3]

Finally, the Slades' objection notes that they acquired an additional parcel within the Town during the pendency of their appeal, so "additional evidence should be permitted regarding the

---

[3] As this court noted during the telephonic hearing, the Slades' position on this second issue could lead to an order entitling ICE to build a tower 20 feet higher than either ICE or the Town believes is necessary at this point, should ICE prevail on its effective prohibition claim. Yet all parties agree that, even in that instance, this court would have the discretion to find that a 100-foot tower is an appropriate remedy.

feasibility of locating a tower on this property." But the Slades have yet to explain how their recent acquisition of this property--as apart from its existence, which has presumably been known to the Slades since the outset of this litigation if not before, and therefore could have been addressed in a timely response to ICE's summary judgment motion--affects the feasibility analysis. If the Slades want to try to make that showing (perhaps, for example, the property's prior owner absolutely refused to allow the tower to be built there, so it was not a feasible location until the Slades bought it), then they may file a brief to that effect on or before **September 9, 2011,** and ICE may file a response to that brief on or before **September 16, 2011** (no reply or surreply shall be permitted).

For the foregoing reasons, the joint motion (document no. 90) for an expedited hearing on ICE's motion for summary judgment is GRANTED in part and DENIED in part, as explained herein.

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated: July 19, 2011

cc: Steven E. Grill, Esq.
    Anthony S. Augeri, Esq.
    Katherine Blackall Hiller, Esq.
    Robert D. Ciandella, Esq.

```
```

Robert M. Derosier, Esq.  
Christopher Cole, Esq.  
Karyl Roberts Martin, Esq.